TATEL, Circuit Judge,
concurring.
I agree with my colleagues that section 13902 is not so clear as to allow us to rule for the FMCSA under Chevron step one. I also agree that because FMCSA acted under a mistaken belief that the statute compelled the result it reached we must remand before moving on to Chevron step two. I write separately to set forth my serious doubts regarding the reasonableness of FMCSA’s principal justification for declining to review bus company ADA compliance during the registration process.
In its brief, FMCSA explains that denying Fung Wah the registration it seeks “hardly is in the public interest even if Fung Wah has serious ADA-problems that must be rectified.” Resp’t’s Br. 32. Amplifying this point at oral argument, FMCSA counsel told us that even if an applicant carrier declared its intention to provide low-cost service by operating buses without wheel-chair lifts, the agency would register that company, leaving it to the Department of Justice to investigate. Oral Arg. at 30:49. FMCSA’s position is puzzling given that Congress, having enacted the statute to keep motor carriers off the road until they demonstrate they are willing and able to follow the law, must have understood that this requirement would lead to temporary sacrifices of competition. FMCSA’s argument, therefore, must rest on the proposition that, unlike the interests protected by “the applicable regulations of the Secretary,” the interests of the disabled are so unimportant that they must yield to the interest in competition. If the “applicable regulations of the Secretary” consisted only of safety regulations, then perhaps FMCSA’s interpretation would represent a plausible understanding of congressional intent. But the regulations promulgated under Part B— which FMCSA concedes it must consider — go beyond safety to address, among other things, financial responsibility, 49 C.F.R. § 387, race discrimination, 49 C.F.R. § 374.101, .105, and less weighty interests such as noise emissions, 49 C.F.R §§ 325.1-325.93, radar detectors, 49 C.F.R § 392.71, and records storage, 49 C.F.R § 379.5. Absent a satisfactory explanation for why the interests protected by the Americans with Disabilities Act are less important than the interests protected by these other regulations, I doubt very much that FMCSA’s justification could survive Chevron step two.